**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RTC INDUSTRIES, INC.**, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> **FASTENERS FOR RETAIL, INC.**, an Ohio corporation, <br><br> Defendant. | Case No. 1:18-cv-00861 <br><br> JURY DEMAND <br><br> Judge Robert M. Dow, Jr. |

## MOTION TO REASSIGN AS RELATED AND CONSOLIDATE

Just two months after filing this lawsuit, Plaintiff RTC Industries, Inc. ("RTC") filed a second lawsuit in this District, Case No. 1:18-cv-02782, against Defendant Fasteners for Retail, Inc. ("FFR"). Proceeding with both of these suits before different judges would result in a significant waste of judicial resources, as two separate judges would have to preside over cases involving: (1) the same parties; (2) allegations by RTC that FFR infringes its patents related to pusher merchandise display systems; (3) FFR's assertion that RTC's patents are invalid; (4) related accused products; and (5) similar inequitable conduct counterclaims.

Both of these cases are in their infancy; neither case having so much as a Scheduling Order at this point.[1] Reassigning and consolidating these related cases will not result in any delay in

---

[1] Another suit between these same two Parties, Case No. 1:17-cv-03595 ("3595 Case"), is also pending in this District. However, the 3595 Case, which was filed in May 2017, has already progressed to the claim construction phase of that suit. FFR does not seek to reassign as related with the 3595 Case as doing so would be contrary to Local Rule 40.4(b)(3), which sets as a

either case. Therefore, pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.4, FFR respectfully requests that the Court reassign Case No. 1:18-cv-02782, which is currently pending before the Honorable Judge Edmond. E. Chang, to the Honorable Judge Robert M. Dow Jr. and consolidate it with the instant case.

## I. BACKGROUND

RTC filed its Complaint on February 2, 2018. Dkt. 1. The case was assigned to Judge Robert M. Dow Jr.'s docket as Case No. 1:18-cv-00861. Dkt. 7. RTC alleges that FFR infringes U.S. Patent Nos. 8,096,427 and 6,041,720, both of which are titled "Product Management Display System." Dkt. 1 at 7-11. In its Answer, FFR asserts that RTC's patents are invalid, and also asserts that the patents are unenforceable due to RTC's inequitable conduct before the United States Patent and Trademark Office ("PTO"). Dkt. 16 at 14-24, 61-78. No discovery has taken place in the case, and the Court has yet to issue a Scheduling Order.

RTC filed Case No. 1:18-cv-02782 ("2782 Case") on April 18, 2018. (Ex. A, 2782 Case Complaint.) The case has been assigned to Judge Edmond E. Chang's docket. In the 2782 Case, RTC asserts infringement of U.S. Patent No. 9,895,007, which is titled "Product Management Display System with Trackless Pusher Mechanism." (Ex. A at 7-10.) In its Answer, FFR again asserts that RTC's patent is invalid, and that the patent is unenforceable due to RTC's inequitable conduct before the PTO. (Ex. B, FFR's Answer at 14-28, 30-37.) No discovery has taken place in the 2782 Case, and the Court has yet to issue a Scheduling Order.

## II. LEGAL STANDARD

In the Northern District of Illinois, courts consider Federal Rule of Civil Procedure 42 and

---

condition for reassignment: "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially."

2

the requirements of L.R. 40.4(a) and (b) to determine whether a case should be reassigned and consolidated. *See, e.g.*, *Swanigan v. City of Chicago,* 775 F.3d 953, 957 (7th Cir. 2015); *Blocker v. City of Chicago*, No. 09-CV-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011).

### A. Federal Rule of Civil Procedure 42(a)

The Seventh Circuit has recognized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See, e.g.*, *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to be consolidated all before a single judge"). Federal Rule of Civil Procedure 42(a) is meant to give the court broad discretion to decide how cases on its docket are to be tried so that cases can be dealt with efficiently while providing justice to the parties. *Blocker*, 2011 WL 1004137 at *2. Under Rule 42(a), courts have discretion to consolidate actions if they involve common questions of law and fact. Fed. R. Civ. P. 42(a); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011).

### B. Local Rule 40.4

Local Rule 40.4 provides a means of reassigning a case to a judge before whom an earlier-filed, related case is pending. *21 srl v. Enable Holdings, Inc.*, No. 09-CV-3667, 2009 WL 4884177, at *1 (N.D. Ill. Dec. 9, 2009). Like Fed. R. Civ. P. 42(a), the rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that "have a great deal in common." *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). To be deemed related, the two cases must satisfy at least one of the four criteria laid out in Local Rule 40.4(a): the cases share some issues of fact or law; they involve the same property; each grows out of the same transaction or occurrence; or they involve one or more of the same classes if the motion is made in the context of multiple class

action suits. L.R. 40.4(a); *Glob. Patent Holdings*, 2008 WL 1848142 at *3. Additionally, each of the following criteria must be met under Local Rule 40.4(b): (1) both cases are pending in the same court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b); *Pactiv*, 2011 WL 686813 at *4.

### III. ARGUMENT

#### A. The Cases Involve Common Questions of Law and Fact

This case and the 2782 Case involve common questions of law and fact. Reassignment is appropriate where, as here, both cases involve similar allegations. *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (finding that requirements of Fed. R. Civ. P. 42 and L.R. 40.4 were met where the same type of asserted claims were based on "highly similar allegations" on behalf of the same set of plaintiffs); *Pactiv,* 2011 WL 686813 at *2 (finding that requirements of Fed. R. Civ. P. 42 and L.R. 40.4 were met where a single plaintiff asserted patents directed to interrelated technology). Both cases arise from RTC's assertion that FFR infringes RTC's pusher merchandise display system patents. Indeed, RTC's description of the Patented Technology in each Complaint is nearly identical. Dkt. 1 at 3-4; *cf*. Ex. A, 2782 Case Complaint at 4-5. And in each Complaint, RTC describes the accused products as:

> … a merchandise display system that pushes products forward on the shelf and organizes the products into rows. This system includes dividers, pushers and a front rail that are mounted to a shelf. The dividers include a divider wall that extends upwardly from a divider floor on which product can sit. The system includes pusher tracks, paddles and coiled springs.

Dkt. 1 at 5; *cf.* Ex. A, 2782 Case Complaint at 5. The alleged acts of infringement are also identical.

4

Dkt. 1 at 4-5; Ex. A, 2782 Case Complaint at 5 ("Defendant sells this system to retail stores in direct competition with RTC.") And FFR asserts the same defenses in each suit: (1) it does not infringe the asserted patents; (2) the asserted patents are invalid under 35 U.S.C. § 102, 103 and 112; and (3) the asserted patents are unenforceable due to RTC's inequitable conduct before the PTO. *See generally*, Dkt. 19; *cf.* Ex. B, 2782 Case Answer.

Consolidation is also appropriate where the parties and counsel are the same in each case. *See Robbins v. Pepsi-Cola Met. Bottling Co.*, No. 84 C 170, 1985 WL 5130, at *3 (N.D. Ill. Dec. 26, 1985) (noting that "[c]ommon sense and principles of judicial economy" dictated that two cases with the same parties and same counsel should be reassigned and consolidated). That is the case here. Plaintiff RTC is represented by Banner & Witcoff in both cases, and Defendant FFR is represented in both cases by Honigman.

The asserted patents need not directly overlap between the two suits in order to consolidate the cases. *Glob. Patent Holdings*, 2008 WL 1848142 at *3 (recognizing that two cases need not be identical for consolidation); *Pactiv*, 2011 WL 686813 at *3 ("[A]lthough different patents are at issue, the relevant language of the complaints is nearly identical."). The patents cover the same type of technology as evidenced by RTC's verbatim description of the "patented technology." Dkt. 1 at 3-4; *cf.* Ex. A, 2782 Case Complaint at 4-5. "When [as here,] the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases." *21 srl*, 2009 WL 4884177 at *2.

Because the cases involve common questions of law and fact, the Court has discretion under Fed. R. Civ. P. 42(a) to consolidate the cases, and the requirements of Local Rule 40.4(a) for reassignment have been met.

### B. The Requirements of Local Rule 40.4(b) Are Satisfied

#### 1. Both Cases are Pending in the Northern District of Illinois, and Reassignment Will Promote the Conservation of Judicial Resources and Litigation Costs.

The cases satisfy the requirements of Local Rule 40.4(b)(1) and (2). Both cases are pending in the Northern District of Illinois. Dkt. 1; Ex. A, 2782 Case Complaint. Additionally, given that these cases involve common questions of law and fact, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. This is particularly true here as "[p]atent cases often involve a significant investment of judicial time and resources due to the complicated nature of the underlying subject matter." *Helferich Patent Licensing, L.L.C. v. N.Y. Times Co.*, No. 1:10-CV-04387, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012). Moreover, both cases present similar if not identical legal theories directed towards the same type of technology: pusher merchandise display systems. *21 srl,* 2009 WL 4884177 at *2 (reassigning where "the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement"). Judicial resources would thus be conserved through consolidation by avoiding duplicative work of two judges investing time and effort towards understanding the common technical and factual issues in the cases.

#### 2. Reassigning the 2782 Case Will Not Substantially Delay the Proceedings in this Case.

Both cases are still in their earliest stages. Neither case has a Scheduling Order yet, and no discovery has been taken or exchanged in either case. Where "no discovery has been conducted and little judicial effort has been expended," it is appropriate to consolidate the cases. *Global Patent Holdings*, 2008 WL 1848142 at * 4.

6

### 3. Both Actions May Be Disposed of in a Single Proceeding.

Courts hold that Local Rule 40.4(b)(4), the requirement that the cases be susceptible to disposition in a single proceeding, is met when issues of law and fact are the same or similar. *Pactiv*, 2011 WL 686813 at *5; *Anderson v. Cornejo,* 199 F.R.D. 228, 262 (N.D. Ill. 2000) (holding that L.R. 40.4(b)(4) was satisfied where there were common issues of law and fact in two employment discrimination cases). Essentially, "the issue is whether both actions involve fundamentally similar claims and defenses that will likely be amendable [*sic*] to dispositive treatment in unified proceedings[.]" *Pactiv*, 2011 WL 686813 at *5 (internal quotations omitted). That requirement is met here. Because the parties and counsel are the same in both cases, coordination of the two cases as a single proceeding should be simple and efficient. As discussed above, there are common issues of law and fact between the cases. And there will likely be significant overlap among the witnesses in each case; for example, Stephen Hardy is the lone inventor of all patents asserted in both cases. The similar factual issues and likelihood of overlapping witness lists supports a finding that the cases can be dealt with in one proceeding. *DBD Franchising, Inc. v. DeLaurentis*, No. 09 C 669, 2009 WL 1766751, at *5 (N.D. Ill. June 23, 2009) (finding two cases susceptible to disposition in a single proceeding where it was highly likely that the same witnesses will be called in both cases).

### IV. CONCLUSION

For the reasons stated above, FFR respectfully requests that this Court enter an Order granting Defendant's motion to reassign *RTC Industries, Inc., v. Fasteners for Retail, Inc.*, No. 1:18-cv-02782, to Judge Robert M. Dow Jr. and consolidate it with *RTC Industries, Inc., v. FFR Merchandising, Inc.*, No. 1:18-cv-00861, for purposes of discovery and trial, and any further relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Ron N. Sklar* _____
William B. Berndt (State Bar No. 6269408)
wberndt@honigman.com
Ron N. Sklar (State Bar No. 6304022)
rsklar@honigman.com
Honigman Miller Schwartz and Cohn LLP
155 N. Wacker Drive
Suite 3100
Chicago, IL 60606-1734
Telephone: 312-701-9300
Facsimile: 312-701-9335

*Attorneys for Defendant/Counter-Plaintiff Fasteners for Retail, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 1, 2018.

*/s/ Ron N. Sklar*
Attorney for Fasteners for Retail, Inc.